IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM MICHAEL LOVERN, | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL ACTION NO. RWT-05-3048 |
| | : | |
| FRANK C. SIZER, JR. | : | |
| Defendant | : | |

**MEMORANDUM OPINION**

On November 9, 2005, William Michael Lovern filed a "Request for Writ of Mandamus" in this Court, seeking to compel the Warden of the Jessup Pre-Release Unit to provide him unspecified legal materials so that Lovern may appeal a two-year sentence imposed on July 28, 2005, in the Circuit Court for Anne Arundel County. Although he has failed to provide an appropriate civil filing fee or an affidavit establishing indigency, Petitioner will be granted leave to file in forma pauperis pursuant to 28 U.S.C. §1915(a). For reasons that follow, relief will be denied and the Petition dismissed.

**Procedural History**

As noted above, Petitioner was sentenced on July 28, 2005. His direct appeal is pending in the Court of Special Appeals of Maryland. See Paper No. 1, Habeas Corpus Petition, Lovern v. Curran, Civil Action No. RWT-05-2153. He contends that he provided the Warden with a list of legal materials needed to pursue his appeal, but was informed that the State will not provide him with more than 100 pages of material.[1] He claims the denial of his request is premised not on a State regulation limiting the amount of material to be provided, but instead involves a conspiracy between the Warden and his sentencing judge in retaliation for Petitioner's numerous lawsuits against various

---

[1] Petitioner does not indicate whether he intended to pay for copies of the material or whether he sought to be provided the material at the State's expense.

State and local officials.  Paper No. 1.

Under 28 U.S.C. § 1361, federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner.  Actions in the nature of mandamus are appropriate vehicles for federal prisoners to seek enforcement of constitutional and statutory duties owed to them by federal officials.   See Holmes *v.* United States Board of Parole, 541 F.2d 1243, 1249 (7th Cir. 1976).  Petitioner here is a state, not a federal, prisoner, and allegedly has been denied requested legal material from a Maryland Division of Correction official. Furthermore, in order to meet the requirements for mandamus relief, petitioner must show that: he has the clear legal right to the relief sought; the respondent has a clear legal duty to do the particular act requested; and  no other adequate remedy is available.$^{2}$  The failure to show any of these prerequisites defeats a district court's jurisdiction under § 1361.  See National Association of Government Employees v. Federal Labor Relations Authority, 830 F. Supp. 889, 898 (E.D. Va. 1993).  It is unclear whether Petitioner has any right to the material sought, inasmuch as the State of Maryland provides the services of a public defender to indigent criminal defendants seeking direct appellate relief.

Petitioner has failed to meet the above established criteria for the issuance of mandamus relief.  Although he is free to file any appropriate civil rights action concerning his alleged denial of

---

$^{2}$   Mandamus most commonly lies to compel performance of "a clear nondiscretionary duty," and is an extraordinary remedy that typically should not be invoked if other avenues of relief exist.  *See*, e.g., *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

access to the court, he may not proceed in the action currently pleaded. Petitioner will be provided the proper court forms should he wish to file such an action.  The current action, however, shall be dismissed by way of a separate Order.


December 9, 2005                                                        /s/
(Date)                                                        Roger W. Titus
                                                              United States District Judge

-3-